253 So.2d 882 (1971)
W. Seldon STEIGER, Appellant,
v.
MASSACHUSETTS CASUALTY INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 70-726.
District Court of Appeal of Florida, Third District.
April 27, 1971.
Ralph P. Ezzo and Joel D. Rosenblatt, Miami, for appellant.
Cushman & Cushman, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
Plaintiff-appellant W. Seldon Steiger seeks review of an adverse final judgment entered in a non-jury trial. Steiger sued defendant-appellee Massachusetts Casualty Insurance Company for an alleged breach of a disability insurance contract.
The sole question on appeal is whether the testimony of Dr. Gilbert, (a neurologist, clinical psychologist and psychiatrist), was properly stricken on the grounds that Dr. Gilbert was an examining physician and not a treating physician. We express the view that the evidence presented in the record shows that Dr. Gilbert was a treating physician and that it was error to strike his testimony.
Steiger was injured in a New York subway train accident on October 15, 1962. The insurance company made voluntary payments for November and December, 1962. Steiger sued for ten months' additional coverage under the policy.
Dr. Gilbert testified that he examined the plaintiff on November 1, 1962, April 23, 1964, and September 7, 1966, and possibly other occasions. In his opinion the plaintiff was disabled for psychiatric reasons during the twelve month period following the date of the accident, and that the accident *883 was the trigger which initiated the psychiatric disability. Steiger had been seen by other physicians both before and after certain visits to Dr. Gilbert.
At the conclusion of plaintiff's case, defendant moved to have the testimony of Dr. Gilbert stricken; the motion was granted. The court also granted defendant's motion to dismiss pursuant to Rule 1.420(b), Florida Rules of Civil Procedure, 30 F.S.A. Final judgment was entered accordingly.
Steiger contends that the testimony of a physician is admissible where such physician is a treating physician and where his opinion is based upon his examination of the patient and the physician's knowledge of the subject as an expert.
Massachusetts Casualty Insurance Company contends that plaintiff's own testimony shows that he was not disabled by accidental bodily injury during the period claimed. It also contends that since Dr. Gilbert only examined the insured once during the period of claimed disability for a "psychiatric evaluation" at the request of an attorney in connection with a pending personal injury action, and not for the purpose of treatment, Dr. Gilbert was not competent to express an opinion as to the cause of the condition based on subjective symptoms and a history related by the insured.
In Marshall v. Papineau, Fla.App. 1961, 132 So.2d 786, 787, the following rule was stated:
"[T]he opinion of a physician or surgeon as to the condition of an injured plaintiff, based wholly or in part on the history of the case as told to him by the latter on a personal examination, is inadmissible when the examination was made for the purpose of qualifying the physician or surgeon to testify as a medical witness * * *" [Citations omitted.]
As this court explained in Raydel, Ltd. v. Medcalfe, Fla.App. 1964, 162 So.2d 910, 915:
"* * * we are directed to the testimony of * * * a psychiatrist and neurologist, who testified for the plaintiff at the trial on damages. It is contended that because this physician's testimony was based on a statement of medical history given him by the plaintiff, it was error to overrule defendants' objections thereto. See Marshall v. Papineau, Fla. App. 1961, 132 So.2d 786; and cases cited in 65 A.L.R. 1217, 51 A.L.R.2d 1051. We hold the objection to have been properly overruled because the witness was not called upon to testify only from a medical history given to him by the patient [, rather, he] was called upon to testify as to the findings from his examination as well."
The fact that he depended for the accuracy of his medical finding on information gained in part from the plaintiff may well be said to affect the weight to be given his testimony, but this is not a ground for its exclusion. In Tampa Transit Lines, Inc. v. Smith, Fla.App. 1963, 155 So.2d 557, testimony of a consulting physician was permitted.
In the instant case the extent of the medical history taken from Steiger is minimal. The doctor conducted a psychiatric examination, including psychological testing (Rorschach ink blot test) and making inquiries into his background. In addition the doctor carefully reviewed (probably in 1964) certain Veterans Administration records of psychiatric examinations conducted by the Army. Dr. Gilbert had written letters to Veterans' Administration about his patient. In 1964, Dr. Gilbert prescribed medication for his patient.
Where psychiatric conditions susceptible of medical explanation in the light of reasonable medical certainty becomes the essence of a legal controversy, due regard for the nature of psychiatric evaluation and treatment should be recognized by *884 the courts. 3 Wigmore, Evidence § 688, p. 4 et seq. (Chardbourn rev. 1970).
For the reasons stated, the judgment is reversed and a new trial granted.