273 So.2d 4 (1973)
W. Seldon STEIGER, Appellant,
v.
MASSACHUSETTS CASUALTY INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 72-410.
District Court of Appeal of Florida, Third District.
February 12, 1973.
*5 Ralph P. Ezzo, Miami, for appellant.
Cushman & Cushman, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PEARSON, Judge.
The question that we find to be determinative on this appeal is whether the court erred in allowing, over objection, a hypothetical question which omitted some facts which the appellant claims were necessary. If the answer to that question is in the affirmative, the answer is the predicate for a further inquiry: Was the error such as to deprive the objecting party of a fair trial of the case? We hold that a hypothetical question propounded to appellee's medical expert was improper, and that because the omitted facts constituted the very essence of appellant's case, the error may have deprived appellant of a fair trial.
The appellant was the plaintiff in a suit upon an insurance policy providing for disability benefits. After a trial before the court without a jury, the court entered final judgment for the defendant. The insurance contract became effective in January 1960. It called for payments upon total disability. Appellant was injured on October 15, 1962 in a collision between subway trains in New York City.[1] He received payments under the policy from October 15, 1962 to December 19, 1962. Then the insurance company refused to make further payments. The appellant instituted this suit in 1970, claiming that total disability payments had been wrongfully withheld since December 19, 1962.
Appellant's claim maintains that he was totally disabled because the injuries received in the subway accident were superimposed upon a preexisting condition of long duration. He claimed that since 1944 he had suffered from a military service-connected psychoneurosis. The defendant-appellee called Dr. Albert C. Jaslow as its expert medical witness. This witness was allowed to give, over plaintiff-appellant's objection which specified the omission, an expert psychiatric opinion based upon a hypothetical question which contained no history pertaining to plaintiff's preexisting psychiatric problem. Plaintiff's psychiatric condition was fully exposed in plaintiff's case. There is nothing in the record to conclusively refute plaintiff's contention that the disability for which suit was brought was a result of the fact that injury in the subway accident triggered a disabling aggravation of the psychoneurotic condition. We held upon *6 Steiger's appeal from a judgment against him on a different policy as follows:
* * * * * *
"Where psychiatric conditions susceptible of medical explanation in the light of reasonable medical certainty becomes the essence of a legal controversy, due regard for the nature of psychiatric evaluation and treatment should be recognized by the courts. 3 Wigmore, Evidence § 688, p. 4 et seq. (Chardbourn rev. 1970)."
* * * * * *
Steiger v. Massachusetts Casualty Insurance Company, Fla.App. 1971, 253 So.2d 882.
We think this holding is applicable here. There was evidence in the record that at the time of the accident in New York City, the appellant was suffering from a serious psychiatric condition but that at that time he was employed. There was evidence that after the accident he was disabled. The nature of the plaintiff's psychiatric condition at the time of the accident was a necessary element in a hypothetical question which purported to state a medical history of the plaintiff. Appellee's hypothetical question concluded:
"I will ask you, please, sir, whether in your opinion, I will ask you if you can express an opinion, within the bounds of reasonable medical probability, whether the accident which occurred on October 15, 1962, in the light of the history, which I have given you in the hypothetical question, could have caused this gentleman to develop or be the victim of a schizophrenic disorder or paranoid disorder?"
Counsel may present a hypothetical question in accordance with any reasonable theory of the effect of the evidence. Atlantic Coast Line R. Co. v. Shouse, 83 Fla. 156, 91 So. 90 (1922). The question must, however, track the evidence sufficiently to enable the trial court to allow it. Great American Insurance Company v. Cornwell, Fla.App. 1966, 191 So.2d 435, 439. "Where ... the factual predicate submitted to the expert witness in the hypothetical question omits a fact which is so obviously necessary to the formation of an opinion that the trial judge may take note of the omission on the basis of his common knowledge, an objection founded on the inadequacy of the predicate may be sustained." Nat Harrison Associates, Inc. v. Byrd, Fla.App. 1971, 256 So.2d 50, 53. Such an objection was stated by appellant's counsel in the trial court. See Lineberger v. Domino Canning Co., Fla. 1953, 68 So.2d 357.
We think that appellant's psychological history was a fact which was so obviously necessary to the formation of an opinion that the trial judge should have sustained the objection on the basis of his common knowledge as was held in Nat Harrison Associates, Inc. v. Byrd, supra. We therefore hold that the trial judge committed reversible error when he denied appellant's objection to the hypothetical question. As above noted, not every incomplete hypothetical question will result in reversible error. This is especially true when, as in this case, the trial is before the court without a jury. However, in the present instance we are convinced by the record before us that the ruling was one that went to the essence of the plaintiff's case. It demonstrated a rejection by the court of plaintiff's attempt to show the basis for his theory of recovery.
Appellant has presented a point directed to the limitation of his cross-examination of the same expert. We need not consider this point as well as others argued by the appellant because a new trial will be necessary. We mention the point directed to the limitation of cross-examination because the record of the attempted cross-examination again indicates the trial judge's ruling that as a matter of law the prior psychoneurological condition should not be taken into consideration. A plaintiff is entitled to present evidence upon the facts *7 that are relevant to his theory of the case so long as that theory has support in the law.
Reversed for a new trial.
NOTES
[1] See Steiger v. Massachusetts Casualty Insurance Company, Fla.App. 1971, 253 So.2d 882, for an earlier appeal from a judgment upon a different insurance contract.