PER CURIAM.
Plaintiff-appellant seeks review of a final judgment awarding him $250 in this negligence action.
Plaintiff, Eric Parker, sued the County after sustaining injuries while a passenger on an MTA bus. At trial, two of the three physicians that treated him testified. The $145 bill of Dr. Jordan Davis, one of the testifying physicians, was initially admitted into evidence, but later withdrawn by the trial judge apparently on the ground that Davis was an “examining physician” in contrast to a “treating physician” the jury retired to deliberate and then requested Dr. Davis’ bill. The judge advised that he had withdrawn the bill and it was not to be considered by the jurors. Subsequently, a verdict for $250 in favor of the plaintiff was returned and judgment was entered therefor.
Plaintiff contends the trial judge erred in withdrawing Dr. Davis’ bill. We find this point well taken.
Dr. Davis testified that he prescribed medication for the plaintiff after examining him. Thus, we find that Dr. Davis was a “treating physician.” Cf. Steiger v. Massachusetts Casualty Insurance Co., 253 So.2d 882 (Fla.3d DCA 1971). The testimony of Dr. Davis being admissible and a proper foundation having been laid for the introduction of his bill into evidence, the trial judge erred in withdrawing the bill *231 from the jury’s consideration. See Marine Exploration Company, Inc. v. McCoy, 308 So.2d 43, 44 (Fla.3d DCA 1975).
Accordingly, the judgment is reversed and the cause remanded for a new trial.