KEHOE, Judge.
Appellant, plaintiff below, appeals a final judgment entered pursuant to a directed verdict in favor of appellees. We reverse.
Appellant brought the instant action as a result of injuries she allegedly sustained in an automobile accident with appellee Floyd M. Sauers. The gravamen of appellant’s complaint was that, because of the accident, she had sustained permanent injury within reasonable medical probability. § 627.737, Fla.Stat. (1975).
During the course of the trial, the testimony of one of appellant’s witnesses, Jordan Davis, M.D., was excluded from evidence. Doctor Davis’s testimony involved, among other things, the permanency of appellant’s injuries. However, the trial court determined that Dr. Davis was an “examining physician” who was ineligible to testify under the rationale of Marshall v. Papineau, 132 So.2d 786 (Fla. 1st DCA 1961), and its progeny. Thereafter, at the close of appellant’s case, the trial court entered a directed verdict in favor of appellees. Pursuant to the directed verdict, the trial court entered a final judgment in favor of appel- *915 lees. From this final judgment, appellant appeals.
Appellant contends that Dr. Davis’s testimony was improperly excluded because he was not an “examining physician” under the rationale of the Marshall case, but rather was a “treating physician” whose testimony in regard to appellant’s complaint was an exception to the hearsay rule.
We agree with appellant’s contention. Our review of the record leads us to the conclusion that Dr. Davis was a “treating physician” whose testimony was improperly excluded from evidence by the trial court. Further, we are of the opinion that if Dr. Davis’s testimony had been admitted, it would have created a justiciable issue of fact which was properly determinable by the jury. See Parker v. Martin, 338 So.2d 230 (Fla. 3d DCA 1976); Bill Kelley Chevrolet, Inc. v. Kerr, 258 So.2d 280 (Fla. 3d DCA 1972); Steiger v. Massachusetts Casualty Insurance Co., 253 So.2d 882 (Fla. 3d DCA 1971); and City of Hialeah v. Hutchins, 215 So.2d 496 (Fla. 3d DCA 1968).
Accordingly, the final judgment entered by the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Reversed.