463 So.2d 1178 (1984)
Keith HENRIQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2365.
District Court of Appeal of Florida, Fourth District.
December 28, 1984.
Rehearing Denied March 13, 1985.
*1179 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James P. McLane, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Keith Henriquez appeals from convictions of battery on a law enforcement officer, resisting arrest with violence, failure to exhibit a driver's license, and reckless driving.
Two police officers responded to a call at appellant's home. Just after they arrived, appellant drove up with his lights off and with questionable control of his car. When one of the officers asked appellant for his driver's license, appellant pushed him out of the way and moved towards his house. The officer attempted to stop him and they struggled. The fight went from outside to inside the house. The officer eventually subdued appellant. The State charged appellant by information with battery on a law enforcement officer, resisting arrest with violence, failure to exhibit a driver's license, and reckless driving. Count I of the information alleged that appellant "did actually and intentionally touch or strike the said law enforcement officer against his will" and Count II alleged that appellant resisted by, "offering or doing violence to the person of the said officer, to wit: pushing, and striking said officer... ." Appellant unsuccessfully sought a dismissal on the ground that Counts I and II violated his double jeopardy rights. The jury returned a verdict of guilty on all counts. The court withheld adjudication and placed appellant on probation for three years. As a condition of probation, the court ordered appellant to "pay up to $100 restitution as determined by probation officer."
Appellant contends that his convictions of both battery and resisting arrest with violence violate his double jeopardy rights and that the trial court improperly delegated authority to a probation supervisor to determine the amount of restitution.
In Portee v. State, 447 So.2d 219 (Fla. 1984), our supreme court explained that:
If two statutory offenses have the exact, same essential constituent elements, or when one statutory offense includes all of the elements of the other, those two offenses are constitutionally "the same offense" and a person cannot be put in jeopardy as to both such offenses unless the two offenses are based on two separate and distinct factual events. If it is established that an offense is a lesser included offense of a greater offense also charged, the double jeopardy clause proscribes multiple convictions and sentences for both the greater and *1180 lesser included offenses. Bell v. State, 437 So.2d 1057 (Fla. 1983) (holding that sale and possession of controlled substances were lesser included offenses of trafficking in illegal drugs).
Id. at 220.
Our supreme court uses the Blockburger test to identify lesser included offenses:
A less serious offense is included in a more serious one if all of the elements required to be proven to establish the former are also required to be proven, along with more, to establish the latter. If each offense requires proof of an element that the other does not, the offenses are separate and discrete and one is not included in the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
Borges v. State, 415 So.2d 1265, 1267 (Fla. 1982).
We have compared the statutory elements of assault or battery of a law enforcement officer, Sections 784.011, 784.03 and 784.07, Florida Statutes (1983), with those of resisting an officer with violence to his person, Section 843.01, Florida Statutes (1983). All of the elements contained in Section 843.01 must be proved, along with more, in order to sustain a conviction under Section 784.07.[1] The information alleges that appellant resisted the law enforcement officer by pushing or striking him, and battered him by touching or striking him. The State relied upon evidence of a single, continuous incident to prove the allegations of both counts. Therefore we hold that the resisting arrest with violence charged herein constituted a lesser included offense of battery of a law enforcement officer.
We also find merit in appellant's argument that the trial court erred when it delegated authority to a probation supervisor to determine the amount of restitution. In Cada v. State, 382 So.2d 405 (Fla. 4th DCA 1980), we held:
It is improper for the trial judge to delegate to the probation supervisor the authority to determine the amount of *1181 restitution appellant must pay. Fresneda v. State, 347 So.2d 1021 (Fla. 1977); ... .
Id. at 406.
Accordingly, we affirm appellant's convictions under Counts I, III and IV of the information and reverse and remand this cause to the trial court with directions to vacate appellant's conviction of resisting arrest with violence. The provision for restitution is stricken without prejudice for the trial court to reconsider such condition.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
ANSTEAD, C.J., and HURLEY, J., concur.
NOTES
[1] 843.01 Resisting officer with violence to his person.  Whoever knowingly and willfully resists, obstructs, or opposes any sheriff, deputy sheriff, officer of the Florida Highway Patrol, municipal police officer, county or municipal correctional officer, beverage enforcement agent, officer of the Game and Fresh Water Fish Commission, officer of the Department of Natural Resources, member of the Florida Parole and Probation Commission or any administrative aide or supervisor employed by said commission, parole and probation supervisor or parole and probation officer employed by the Department of Corrections, county probation officer, personnel or representative of the Department of Law Enforcement, or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

784.07 Assault or battery of law enforcement officers or firefighters; reclassification of offenses. 
....
(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties, the offense for which the person is charged shall be reclassified as follows:
(a) In the case of assault, from a misdemeanor of the second degree to a misdemeanor of the first degree.
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
784.011 Assault. 
(1) An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
(2) Whoever commits an assault shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
784.03 Battery. 
(1) A person commits battery if he:
(a) Actually and intentionally touches or strikes another person against the will of the other; or
(b) Intentionally causes bodily harm to an individual.
(2) Whoever commits battery shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[Emphasis added.]