COWART, Judge.
This is an appeal of a final order denying a motion for new trial.
Elsie Gallagher, customer, ate dinner at the L.K. Family Restaurant after having been released from a hospital earlier that same day. After dinner she became violently ill and was readmitted to the hospital.
Customer and her husband brought an action against the restaurant grounded in strict liability, implied warranty, and loss of consortium. The customer presented evidence that her illness was the result of food poisoning, while the restaurant presented evidence that her illness was caused by the drugs which she was prescribed upon her initial release from the hospital. At the close of all evidence, the trial court reopened the case and allowed restaurant to put into evidence the entire medical record of customer’s hospital stays. The jury found for the restaurant.
Customer appeals and contends that it was an abuse of discretion for the trial court to reopen the case to allow admission of the hospital records. We disagree. The long established rule is that a trial judge has broad discretion to allow a party to reopen its case after closing and this determination will not ordinarily be disturbed on appeal. Exxon Company, U.S.A. v. Alexis, 370 So.2d 1128 (Fla.1978); Pitts v. State, 185 So.2d 164 (Fla.1966); Eli Witt Cigar & Tobacco Co. v. Matatics, 55 So.2d 549 (Fla.1951); Thrifty Supermarket, Inc. v. Kitchener, 227 So.2d 500 (Fla. 3d DCA 1969). The record on appeal does not demonstrate that an abuse of discretion occurred.
Customer also contends that the trial court’s refusal to allow the testimony and written report of a health inspector on the practices of the restaurant twenty-nine days earlier is reversible error. After the testimony of this witness was proffered, the trial court ruled that the evidence did not have probative value because of its remoteness in time. The general rule that remoteness in point of time goes to weight rather than admissibility of the evidence applies except when the time is so far removed as to deprive the circumstances of any evidentiary value. See Hopkins v. McClure, 45 So.2d 656 (Fla.1950). Nothing was presented by customer to suggest that conditions in the health inspector’s report caused the customer’s illness or even existed on the day in question. We affirm the trial court’s holding that because of its remoteness in time, the evidence lacked probative value to be admissible.
The customer’s final point on appeal, that the trial judge failed to limit restaurant’s expert witness to yes and no answers, is without merit. The conduct of cross-examination is in the sound discretion of the trial court. Appellate courts interfere with this exercise of discretion only on a clear showing of abuse. Revels v. State, 64 Fla. 432, 59 So. 951 (1912); Hoskins v. State, 70 Fla. *564 186, 69 So. 701 (1915). No clear showing of abuse has been established by customer.[1]
The trial court’s denial of a motion for new trial is
AFFIRMED.
DAUKSCH and ORFINGER, JJ„ concur.

. The court stated "we’re not going to try. this case on who can ask the best questions. He’s got every right in the world to explain his answers. You’ve got the right to have a yes or no answer, but he’s got every right in the world to give an explanation.”