494 So.2d 274 (1986)
John SAVAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1799.
District Court of Appeal of Florida, Second District.
September 17, 1986.
*275 James Marion Moorman, Public Defender and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Savage was convicted of resisting a law enforcement officer with violence, section 843.01, Florida Statutes (1983) and battery of an officer, section 784.07, Florida Statutes (1983), both arising out of the same episode, and sentenced to three-and-one-half years for each crime to be served concurrently. We affirm.
On February 28, 1985, Savage drove his pickup truck into another vehicle near the High Pines Trailer Park on Radio Road in Collier County, drove on for some distance at slow speed weaving on and off the road, then turned around and drove back swerving across the median into the trailer park. The driver whose truck had been hit followed Savage into the trailer park, called the Collier County Sheriff's Office, and led the deputy who responded to a trailer where the deputy found Savage sleeping or passed out on a couch, apparently drunk.
The deputy brought Savage out to his squad car, arrested him and patted him down. Ordered to empty his pockets, Savage pulled out a substance wrapped in a cigarette cellophane which he attempted to swallow, wrapper and all. The deputy grabbed Savage to prevent him from swallowing and told Savage to spit out the wrapper, but Savage swallowed it anyway. It was later retrieved at a hospital and shown to be marijuana. While attempting to handcuff Savage the deputy dropped his flashlight and Savage wrestled with the deputy trying to get away from him. The pair fell to the ground several times wrestling and Savage grabbed the officer's flashlight and hit him twice on the knee although Savage denied ever seeing the flashlight. Finally, Savage was handcuffed and put in the squad car, taken to jail briefly, and then to a hospital because he was semi-conscious, apparently from the effects of alcohol, and bleeding from a scab on his nose. Savage said the officer did not hit him.
Savage testified he was not resisting the officer but was only struggling to breathe when he choked on the cellophane wrapper. Savage admitted the cellophane contained marijuana which he swallowed in order to conceal it.
Savage's motion for judgment of acquittal was denied on the ground that whether he intended to resist the officer was a matter for the jury. At his sentencing hearing Savage asked the court to sentence him only for the battery and rule that resisting an officer was a lesser included offense of battery of an officer, but the trial court disagreed and ruled Savage could be convicted for both crimes arising out of the same transaction.
Savage raises two questions on appeal: whether there was sufficient evidence of criminal intent to resist the officer and whether resisting an officer with force who is attempting to make an arrest is a lesser included offense of battery of the officer where the two arose out of the same episode.
Though the issue of intent seems at least arguable, Savage's public defender inexplicably filed an Anders brief conceding that Savage knew the man arresting him was an officer performing a lawful duty. The inference we are left with is that the public defender decided there was sufficient evidence of intent. We agree that the evidence is not insufficient as a matter of law. Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981), affirmed 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). This court issued an Anders order allowing Savage to file a supplemental brief but Savage did not do so. Anders v. California, 386 U.S. 738, *276 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
As for Savage's second point, we agree that resisting a law enforcement officer with force is not a necessarily lesser included offense of battery of the officer where the crimes arise out of the same episode or transaction. State v. Carpenter, 417 So.2d 986 (Fla. 1982). Although Savage's public defender cited authority to the contrary, Henriquez v. State, 463 So.2d 1178 (Fla. 4th DCA 1984), he evidently believed it was not worth arguing the point.
In Carpenter the supreme court quashed a second district opinion in a case much like the one at bar, and held a defendant could be convicted of both offenses arising out of the same incident using the analysis suggested in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). 417 So.2d at 988. Where both offenses are of the same degree [in this case, both are third degree felonies] one cannot be the lesser included of the other. And the court pointed out that "one could obstruct or oppose a law enforcement officer by threatening violence and still at the same time not be committing a battery on the law enforcement officer... ." Id. The court reasoned that each crime had an element not found in the other.
In Henriquez the fourth district used the Blockburger analysis to find all of the elements of resisting an officer with violence to be included in the battery of an officer, thus making the former a lesser included offense of the latter, and held that a conviction for both based on the same incident was a violation of double jeopardy. 463 So.2d at 1180. The fourth district did not cite Carpenter but rather relied on Borges v. State, 415 So.2d 1265 (Fla. 1982) and Portee v. State, 447 So.2d 219 (Fla. 1984).
In Borges the supreme court said the legislature had abrogated the single transaction rule by enacting section 775.021(4), Florida Statutes (1977), which authorized conviction for two or more separate crimes arising out of one criminal transaction or episode, except for lesser included offenses. 415 So.2d at 1266. And the Borges court cited with strong approval the Schedule of Lesser Included Offenses found in Florida Standard Jury Instructions in Criminal Cases (1981) as the source for determining what are lesser included offenses. 415 So.2d at 1267.
In Portee the supreme court approved a second district decision which affirmed a defendant's conviction for the sale of illegal drugs and the possession of more than five ounces of illegal drugs arising out of the same transaction. 447 So.2d at 220. See also Parks v. State, 437 So.2d 790 (Fla. 2d DCA 1983) (possession of cannabis is not a necessarily included offense of possession of cannabis with intent to sell or deliver) citing Carpenter.
It should be noted that section 775.021(4), Florida Statutes, was changed in 1983, to read as follows:
Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purpose of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
§ 775.021(4), Fla. Stat. (1983).[1] The legislature removed the exception for lesser included offenses and replaced it with a definition of separate offenses.
The question at bar really turns on whether each of the two offenses has an element not found in the other. In its Henriquez decision, the fourth district *277 found all of the elements of resisting an officer with force to be contained in the offense of battery of a law enforcement officer, thus a defendant could not be convicted for both crimes based on the same incident. 463 So.2d at 1180. A close reading of the two statutes, however, reveals this is not the case. See §§ 843.01 and 784.07, Fla. Stat. (1983). And in keeping with Blockburger it is the statutes which must be compared without relying on the facts of the instant case. Carpenter, 417 So.2d at 988.
Resisting an officer with violence is committed by "whoever knowingly and willfully resists, obstructs, or opposes" any enumerated officer "in the lawful execution of any legal duty, by offering or doing violence to the person of such officer... ." § 843.01, Fla. Stat. (1983). Battery of a law enforcement officer consists of "knowingly committing" a "battery upon a law enforcement officer ... while the officer ... is engaged in the lawful performance of his duties... ." § 784.07, Fla. Stat. (1983). A person commits a battery if he "(a) actually and intentionally touches or strikes another person against the will of the other; or (b) intentionally causes bodily harm to an individual." § 784.03(1), Fla. Stat. (1983).
One can resist, obstruct, or oppose an officer without committing a battery, for example, a person might struggle with an officer or refuse to present one's hands for handcuffing, or refuse to lie down when ordered, or refuse to put one's arms behind one's back, or refuse to get in a squad car when ordered to do so. On the other hand, one can batter a police officer without resisting, obstructing, or opposing him by simply running over him with a car, or walking up and hitting him in the face or hitting him on the knee with a flashlight. Thus we hold that resisting an officer with force is not a necessarily included offense of battery of an officer.
The evidence showed that Savage struggled or wrestled with the deputy which is sufficient to show Savage resisted, obstructed or opposed the deputy in making his lawful arrest of Savage. The evidence also showed Savage stuck the deputy with a flashlight at least twice. Following the analysis of Portee, Carpenter, Enmund and Garcia this is sufficient to show two separate crimes.
Because we differ with the Henriquez decision we certify to the supreme court the following question:
IN A SINGLE EPISODE OR TRANSACTION IS RESISTING AN OFFICER WITH FORCE A NECESSARILY LESSER INCLUDED OFFENSE OF BATTERY OF A LAW ENFORCEMENT OFFICER?
Affirmed.
SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.
NOTES
[1] For an enlightening discussion of this statute, which codifies Blockburger, see State v. Enmund, 476 So.2d 165 (Fla. 1985) (underlying felony not a lesser included offense of felony murder) and Garcia v. State, 476 So.2d 170 (Fla. 1985) (use of a firearm during commission of a felony is not a lesser included offense of armed robbery), and see generally Kaden, End of the Single Transaction Rule, 57 Fla.B.J. 693 (1983).