BASKIN, Judge.
Former Carnival Cruise Lines’ [Carnival] seaman Jose Rodriguez [Rodriguez] instituted an action to recover damages from Carnival for the loss of sight in one eye. The impairment of his vision resulted from his contracting toxoplasmosis choreoretini-tis, a disease caused by a tropical parasite often found in raw or undercooked meat. Rodriguez claimed that Carnival served him raw or undercooked meat during his employment on the TSS Festivale, and that he acquired the disease by ingesting the meat; he based his right to recover damages on the Jones Act, 46 U.S.C. § 688 (1982), the doctrine of unseaworthiness, and his entitlement to maintenance and cure. Carnival’s defense was that its food preparation was proper and that Rodriguez contracted the disease elsewhere.
At trial, the court allowed Rodriguez to amend his pleadings to include a cause of action for Carnival’s failure to treat his injury promptly. The jury returned a verdict in favor of Rodriguez and assessed damages at $500,000 for the Jones Act and unseaworthiness claims, and $200,000 for the failure-to-treat claim. The jury determined that Carnival’s liability should be reduced by twenty-five percent, based on Rodriguez’s comparative negligence. Following the trial court’s entry of judgment pursuant to the verdict, Carnival appealed; Rodriguez cross-appealed, contesting the finding of comparative negligence. Finding merit in two of the issues raised by Carnival, we reverse and remand for a new trial.
The first error on which we base reversal is the trial court’s admission into evidence of the portion of the ship’s medical log containing crew complaints marked by counsel for Rodriguez as evidence of symptoms consistent with toxoplasmosis. Contending that Carnival opened the door to the log’s admission when its nurse testified that there had never before been an occurrence of the disease on board ship, Rodriguez sought to discredit the nurse’s testimony by citing the presence of similar symptoms in the log. Carnival asserts that the log should not have been admitted because it bore no relevance to the issue of causation. Carnival maintains . that the prejudice caused by the log substantially outweighed its probative value. We agree.
Section 90.401, Florida Statutes (1983), defines relevant evidence as “evidence tending to prove or disprove a material fact.” See Fed.R.Evid. 401; see also Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960,103 S.Ct. 274, 74 L.Ed.2d 213 (1982). According to expert testimony, toxoplasmosis manifests itself through the presence of headaches, fa *552 tigue, fever, sore throats, upper respiratory ailments, and flu-like symptoms. Because these symptoms also accompany many other diseases, the log’s report of crew members’ complaints bears no relevance to the presence of toxoplasmosis on the TSS Festivale. Moreover, the log sheds no light on the primary issue before the court: whether Rodriguez acquired tox-oplasmosis while on board ship.
Even if the log were relevant, the prejudice caused by its admission outweighed its probative value. See § 90.403, Fla.Stat. (1983); Fed.R.Evid. 403. The log listed approximately 1,619 visits by crew members with 827 different ailments, including 68 references to venereal disease. The log’s numerous entries gave the jury the impression that a miasma of disease encompassed the ship.
Evidence of other incidents or accidents, even when admitted for impeachment purposes, tends to inject collateral issues and to divert the jury’s attention from the matter directly in controversy. See I.B.L. Corp. v. Florida Power & Light Co., 400 So.2d 1288 (Fla. 3d DCA 1981), review denied, 412 So.2d 466 (1982). A party may introduce evidence of other incidents to contradict a witness’s testimony if the proffered evidence relates to a similar incident occurring under substantially similar circumstances. Lawrence v. Florida East Coast Ry., 346 So.2d 1012 (Fla.1977); see Saunders v. Florida Keys Elec. Co-op Ass’n, 471 So.2d 88 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla.1986); Liberty Mut. Ins. Co. v. Kimmel, 465 So.2d 606 (Fla. 3d DCA 1985); Losar Mfg. Co. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983). Here, the log fails the test: it contains no specific diagnosis of toxoplas-mosis. Thus, the trial court’s admission of irrelevant and unduly prejudicial evidence constituted an abuse of discretion.
The second error mandating reversal arises from the omission of a material fact in a hypothetical question posed to one of Rodriguez’s expert witnesses. The question omits the critical fact that Rodriguez had vacationed in Costa Rica for approximately six weeks during his employment and thus had not consumed all his meals on board ship. This omission is especially prejudicial because another of Rodriguez’s experts testified that Rodriguez may have acquired the disease while he was on vacation. The trial court erred in overruling counsel’s objection to the question.
Steiger v. Massachusetts Casualty Ins. Co., 273 So.2d 4 (Fla. 3d DCA 1973), controls this issue. In Steiger, we held that the trial court committed reversible error in overruling a specific objection to a hypothetical question which, failed to contain a fact necessary to the formation of the expert’s opinion. As we did in Steiger, we again find that the trial court committed reversible error in overruling counsel’s objection to the defective hypothetical question. See Huff v. State, 495 So.2d 145 (Fla.1986); Chiles v. Beaudoin, 384 So.2d 175 (Fla. 2d DCA 1980); Young v. Pyle, 145 So.2d 503 (Fla. 1st DCA 1962).
Our disposition makes it unnecessary for us to address the remaining issues.
Reversed and remanded for a new trial.