JORGENSON, Judge,
dissenting.
I respectfully dissent.
In my view, Mr. Flatow’s bare allegations of a loss of cash from his safe deposit box and his speculations as to how that loss occurred are not relevant to the Andreus’ claim that items disappeared from their safe deposit box. The proffered evidence does not tend to “prove or disprove a material fact.” Section 90.401, Fla.Stat. (1989). Although the court characterizes the proffered evidence as “evidence of a similar theft,” the record reveals that the Andreus sought to admit mere opinion, speculation, and unproven allegations. The proffered evidence consists of a videotaped deposition in which Mr. Flatow asserted that sometime between September 23 and October 1, 1986, $8,500 in cash disappeared from his safe deposit box at the same Citibank branch where the Andreus kept their valuables.[1] The cash represented his gambling “stake” and winnings from trips to Las Vegas. Mr. Flatow admitted that he was not able to explain the disappearance of the cash. He theorized, however, that “I believe it could have been the guard, or that it was some employee that had access into that vault that either made a duplicate key or had somebody making duplicates out of — it could still be going on — out of many keys until opportunity showed up to use— or to have somebody working with the person inside.” With this testimony, the An-dreus sought to bootstrap their own theory of the case, which was that a bank guard had “palmed” their key and copied it. This court, by reversing the trial court’s exclusion of Mr. Flatow’s testimony, treats one man’s speculation regarding an unproven allegation as evidence of a proven event.
The court relies on Carnival Cruise Lines v. Rodriguez, 505 So.2d 550 (Fla. 3d DCA 1987), rev. dismissed, 520 So.2d 586 (Fla.1988), which holds that a party may introduce evidence of other incidents to contradict a witness’ testimony when the proffered evidence relates to a similar incident occurring under substantially similar circumstances. I believe that the court’s reliance on Carnival is misplaced. In Carnival, the plaintiff, a seaman who had contracted toxoplasmosis, convinced the trial court to admit a ship’s log to show that other employees on his ship had complained of symptoms consistent with toxoplasmo-sis. This court held that the admission of such “similar incident” evidence constituted an abuse of discretion as the log was not relevant to the plaintiff’s claim. The log contained no specific diagnosis of toxoplas-mosis and was deemed irrelevant and highly prejudicial. Carnival, 505 So.2d at 552. Likewise, in this case, the evidence is not relevant as it does not tend to prove or disprove that the bank was negligent, that the guard surreptitiously copied customers’ keys, or that the Andreus suffered a loss. The only fact that the proffered evidence tends to prove is that Mr. Flatow and the Andreus shared the same theories about the disappearance of their valuables.[2]
*1084 Although evidence of similar incidents may be admitted for reasons other than proving negligence or culpability, the cases that so hold do not involve mysterious disappearances but involve actual events that were observed, and that had tangible results. See, e.g., Lawrence v. Florida East Coast Ry. Co., 346 So.2d 1012 (Fla.1977) (evidence of similar railroad crossing malfunctions admissible to show notice of defective system and to impeach witness’ claim that system invulnerable); Perret v. Seaboard Coast Line R.R. Co., 299 So.2d 590 (Fla.1974) (evidence of prior collision between train and automobile at same crossing, two weeks earlier, at same time of day and under similar weather conditions, admissible to show notice of dangerous conditions); Lomillo v. Howard Johnsons Co., 471 So.2d 1296 (Fla. 3d DCA 1985) (evidence of similar crimes in vicinity of attack admissible to demonstrate foreseeability of attack). See generally Ehrhardt, Florida Evidence § 411.2 (2d Ed. 1984).
I would affirm the judgment below.

. Mr. Flatow and his mother, co-tenants of the safe deposit box, sued Citibank for the alleged loss. This court has not been apprised of the outcome of that litigation.

. We have recognized that "[ejvidence of other incidents or accidents, even when admitted for impeachment purposes, tends to inject collateral issues and to divert the jury's attention from the matter directly in controversy.” Carnival, 505 *1084 So.2d at 552. Even if Mr. Flatow’s testimony had any probative value, it was far outweighed by the prejudicial effect it would have had on the jury. His unproven allegations of loss and his speculative theory that a bank guard copied his key would make an indelible impression on the jurors' minds.