506 So.2d 476 (1987)
John Thomas O'STEEN, Appellant,
v.
STATE of Florida, Appellee.
No. BN-125.
District Court of Appeal of Florida, First District.
May 5, 1987.
*477 Michael E. Allen, Public Defender, and Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Royall P. Terry, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
John Thomas O'Steen appeals his conviction for violation of section 790.23, Florida Statutes (1985), which prohibits possession of a firearm by a convicted felon. We reverse for a new trial.
Appellant first contends that the trial court erred in denying his motion for directed verdict. We find that the testimony of Deputy Perdue, although not as definitive as one would normally expect in a prosecution under this statute, was sufficient to establish a prima facie case against defendant. The trial court did not err in denying the motion for directed verdict.
We conclude, however, that the trial court erred in allowing the state to elicit rebuttal testimony from appellant's girlfriend that appellant had, at some unspecified time in the past, possessed a gun and used it to shoot at a chicken. The trial court granted the defense motion for a statement of particulars, and limited the state to proof that appellant had possessed a gun on August 6, 1985. The testimony complained of did not conform to that ruling, and its admission undoubtedly prejudiced the defense. Stang v. State, 421 So.2d 147 (Fla. 1982).
The state argues that the testimony was properly admitted as rebuttal because it impeached defendant's testimony on cross-examination. The state also argues that *478 this testimony was admissible as similarfact evidence under the Williams rule.[1]
This testimony was not admissible for the purpose of impeachment. When a witness is cross-examined on collateral matters outside the scope of direct examination, the cross-examiner adopts the witness as his own and is bound by the answers the witness gives. Gelabert v. State, 407 So.2d 1007, 1009-10 (Fla. 5th DCA 1981). In addition, the state did not lay a proper predicate for impeachment. The testimony complained of did not contradict appellant's testimony because appellant, when asked about the incident with the chicken, testified only that he could not remember. The so-called impeachment testimony offered by the state did not undertake to prove that defendant was, in fact, lying when he said he did not remember.
The state's argument that this testimony was properly admitted under the Williams rule is also without merit. This evidence does not tend to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident with respect to the specific charge being prosecuted; rather, it tends only to prove bad character. Fla. Stat. § 90.404(2)(a) (1985).
Because appellant denied that he possessed a gun on the date charged and contradicted the testimony of Deputy Perdue, and because the improperly admitted testimony was the only evidence of possession, other than the testimony of the deputy sheriff, it is impossible for us to say that this error did not have an impact on the jury's decision. Thus, admission of this testimony cannot be treated as harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
The judgment is reversed and the cause is remanded for a new trial. In view of our resolution of appellant's second issue, we do not reach the remaining two points, addressed to alleged sentencing errors.
REVERSED AND REMANDED.
BARFIELD, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), codified by Florida Statutes § 90.404.