POLEN, Judge.
This appeal is taken from a conviction for armed robbery, in which the appellant con *309 tends the trial court erred in allowing testimony pertaining to alleged prior bad conduct or criminal activity of the appellant. Appellant also complains the trial court erred in failing to give a requested instruction on “mere presence”; however, we find no merit in appellant’s argument on that point.
Appellant’s co-perpetrator, Clowers, testified for the state after pleading guilty to the armed robbery. Clowers did not receive any special consideration in exchange for his testimony. He stated, inter alia, that he met appellant approximately one week before the crime at a base house, a place where people smoke cocaine. Clow-ers said appellant offered someone cocaine rocks in exchange for the use of a car.
As a threshold matter, appellee contends appellant did not properly preserve this issue for appeal by a specific objection at the time the testimony was offered. Hamilton v. State, 458 So.2d 863 (Fla. 4th DCA 1984). The first time the state sought to go into this line of questioning on cross-examination of appellant, appellant’s trial counsel objected as being beyond the scope of direct examination. When Clow-ers was later called as a rebuttal witness for the state, and this line of inquiry was reopened, appellant’s counsel objected as being irrelevant for purposes of rebuttal. However, it appears in the ensuing discussion with the judge that the court made reference to the lack of relevance or admissibility of appellant’s alleged prior “bad other act.” Accordingly, this issue was recognized by the trial court at a time when corrective measures could have been taken to avoid appeal.
In that the meeting at a base house, prior bad conduct and criminal activity testified to by Clowers had no relevance to the issues at trial, or appellant’s pending charge of armed robbery, it was error for the court to allow this testimony. Williams v. State, 110 So.2d 654 (Fla.1959); Lockett v. State, 527 So.2d 959 (Fla. 4th DCA 1988). In light of the appellant’s position taken at trial, that he had no knowledge of Clowers’ plan to commit the robbery and was “merely present,” we cannot say that the error was harmless, and therefore we would reverse and remand for a new trial consistent with this opinion.
DELL and WALDEN, JJ., concur.