WIGGINTON, Judge.
Before us for review are appellant’s judgment of conviction and sentences following a retrial on multiple charges of kidnapping, sexual battery with a deadly weapon, robbery with a firearm, and possession of a firearm by a convicted felon stemming from an incident which occurred on December 15, 1983. In an earlier appeal, this court reversed the judgment of conviction and remanded for a new trial holding that the trial court had erred in admitting the testimony of three bank tellers who identified appellant as a participant in a Tallahassee bank robbery committed on the same day as the offenses in the instant case. See Lee v. State, 508 So.2d 1300 (Fla. 1st DCA 1987), approved, State v. Lee, 531 So.2d 133 (Fla.1988). In the original trial, the state attempted to offer such testimony under the “Williams Rule” on the basis that it revealed appellant had robbed the bank while armed with a handr gun, thereby corroborating evidence that he also used a handgun during the offenses at issue as well as tending to establish the entire context out of which the criminal episode occurred. Disagreeing, the supreme court, in approving this court’s decision, held that because no connection was established between the bank robbery and the instant offenses, the evidence of the bank robbery was not relevant to establish the entire context out of which the criminal conduct arose and did not establish that the gun used during the robbery was the gun used during the offenses at issue. Significantly, the supreme court concluded that the testimony “did not have a relevant or a material bearing on any essential aspect of the offenses being tried and did not tend to prove a material fact in issue.... ” 531 So.2d at 135. Further, in both this court’s and the- supreme court’s opinions, it was ruled that the state did not carry its burden of establishing a prima facie showing of harmless error.
On retrial, appellant took the stand on his own behalf and, although admitting having had consensual sex in a car with a black woman on the night in question, could not recall her name or identify whether it was the victim. Notwithstanding, he did describe the car as being that of the victim. He also admitted generally having been tried in 1985 or 1986 for the robbery of a Tallahassee bank, as well as having entered a no contest plea to a second Tallahassee bank robbery.
On cross-examination, the state again attempted to interject into the proceedings specific evidence concerning the Tallahassee bank robberies by asking appellant whether at any time on December 15 he had in his possession a pistol. Appellant responded in the negative. Thereafter, over strenuous defense objection, the prosecutor was granted permission to adduce evidence that appellant used a gun in one of the robberies in order to allegedly impeach appellant’s testimony that he did not have a gun that day. When shown a photograph of a man in disguise holding a gun in the bank, appellant denied that the picture was of him. At that point, cross-examination ended and defense rested and moved for a mistrial because of the reference to the bank robberies. The motion was denied.
*266 On rebuttal, the state, over defense objection, introduced the testimony of two bank employees who identified appellant as having been one of the robbers and stated that he was carrying a gun. After the state rested, appellant’s renewed motions for mistrial and acquittal were denied. The jury returned a verdict finding appellant guilty as charged on all four counts of the information. The trial court departed from the guidelines sentence of life in prison by imposing consecutive life sentences for kidnapping, sexual battery, and robbery, and a consecutive 30-year sentence for possession of a firearm by a convicted felon.
On appeal, appellant challenges the trial court’s allowing the state to present the evidence of a collateral crime during rebuttal in order to impeach appellant’s trial testimony, as well as the court's imposing a sentence pursuant to the guidelines and utilizing a new reason for departing from the guidelines on resentencing. Because we must once again rule that the court erred in allowing the state to present evidence of the Tallahassee armed robbery, thereby necessitating a new trial, we need not reach the latter two sentencing issues.
This case is controlled by the decision in Gelabert v. State, 407 So.2d 1007 (Fla. 5th DCA 1981), which opinion couched the issue as being
... whether evidence is admissible to contradict, and thereby impeach, a witness (particularly a defendant testifying in a criminal case) as to a factual matter that is not material to an ultimate issue in the case and is not otherwise admissible to discredit the witness (i.e., does not show bias, corruption or incompetency).
407 So.2d at 1008. In answering that question in the negative, the court held that
... when a question, posed on cross-examination, relates only to a matter collateral and non-material to any issue at trial, the witness’ answer to the question is deemed conclusive. Consequently, the witness cannot be impeached with regard to this testimony by any of the normal means of subsequent impeachment, including contradiction testimony by another witness.
Id at 1009; see also Gonzalez v. State, 538 So.2d 1343 (Fla. 4th DCA 1989); O’Steen v. State, 506 So.2d 476 (Fla. 1st DCA 1987). As was observed by the supreme court in State v. Lee, whether or not appellant had possessed a gun at any time on December 15, 1983, was a question completely collateral, irrelevant, and immaterial to any issue regarding the charged offenses and tended solely to impermissibly discredit appellant and present evidence of bad character and a propensity towards violence. Moreover, as was true in Gelabert, the impact of the state’s improper inquiry on cross was compounded by the court’s allowing the bank tellers’ contradictory testimony on rebuttal.
Further, we cannot hold that these errors were harmless, relying on the analysis employed by the supreme court in State v. Lee which noted that the improper collateral evidence was given undue emphasis by the state and made a focal point of the trial. In the first trial and here, the evidence was utilized in the prosecutor’s closing argument which would
... lead to the inescapable conclusion that the prosecutor was asking the jury to find [Lee] guilty, at least in part, because he was an evil man intent on committing crime. The state has failed to meet the burden under [State v. ] DiGuilio [491 So.2d 1129 (Fla.1986) ]. Because of the emphasis placed on the improper collateral crime evidence, we are unable to say beyond a reasonable doubt that the testimony presented regarding [Lee's] participation in a bank robbery several hours after committing the offenses under review had no impact on the verdict.
531 So.2d at 138.
Accordingly, the judgment and sentences are REVERSED and the cause REMANDED for a new trial.
BARFIELD, J., concurs.
BOOTH, J., dissents without written opinion.