PER CURIAM.
This is an appeal by the defendant James Witherspoon from final judgments of conviction and sentences for robbery with a firearm and burglary of an occupied dwelling.
We reverse the judgments and sentences appealed from and remand the cause for a new trial upon a holding that the trial court committed reversible error in admitting in evidence, over objection, (1) the trial testimony of the defendant upon cross-examination by the state, and (2) rebuttal police testimony at trial — -that the defendant confessed to the police to a series of burglaries and robberies, other than the offenses charged in the instant case. Contrary to the state’s argument, the defendant did not “open the door” to the introduction of this collateral crimes evidence by his trial testimony on direct examination in which he accused a series of police detectives of brutality and threats of brutality against him which led to the defendant’s confession to the offenses with which he was charged. We agree that the state was privileged to cross-examine the defendant and to introduce evidence refuting these claims of police brutality and threatened brutality; we further agree that in so doing, the state could explain that the reason for the lengthy interrogation of the defendant was because the police were questioning the defendant on a series of criminal offenses unrelated to the present case. It was, however, entirely irrelevant and highly prejudicial to the defendant for the state to also establish that the defendant confessed during this interrogation to a series of robberies and burglaries for which the defendant was not on trial below — as this, in no sense, refuted the defendant’s direct examination testimony that the police physically abused him until he confessed to the offenses for which he was charged. See Craig v. State, 510 So.2d 857, 863 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988); Williams v. State, 117 So.2d 473, 475 (Fla.1960); Dixon v. State, 627 So.2d 1337, 1338 (Fla. 2d DCA 1993).
Moreover, we cannot say beyond a reasonable doubt that the erroneous admission of this collateral crimes evidence did not contribute to the jury verdict of guilt — as, in our view, it tended to undermine the defendant’s trial testimony denying the instant offenses and attacking the voluntariness and veracity of his confession to the police. We agree that the state’s evidence against the defendant was strong, but it was not uncon-tradicted. The jury had to weigh the credibility of the defendant’s trial testimony, and we cannot say that the admission of this erroneous and highly prejudicial collateral crimes evidence had no impact on the determination of the defendant’s credibility. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Jackson v. State, 598 So.2d 303 (Fla. 3d DCA 1992); White v. State, 547 So.2d 308, 309 (Fla. 4th DCA 1989); O’Steen v. State, 506 So.2d 476, 478 (Fla. 1st DCA 1987).
The final judgments of conviction and sentences under review are reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.