422 So.2d 1033 (1982)
Edward BATES, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2320.
District Court of Appeal of Florida, Third District.
November 30, 1982.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Diane Leeds, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and BASKIN, JJ.
*1034 PER CURIAM.
Edward Bates appeals a judgment of conviction and sentence of fifteen years imprisonment entered after a jury trial on the charge of sexual battery with the use of force not likely to cause serious injury under Section 794.011(5), Florida Statutes (1981).
It is appellant's contention on appeal that the trial court erred in denying his motion for mistrial because a police officer testified to an alleged statement of the appellant related to him by the victim of the sexual battery in this case. The officer testified that the victim told him that appellant had stated to her that he had been in prison before. Counsel for appellant objected to such testimony and moved for a mistrial on the grounds that it constituted an impermissible and prejudicial attack upon the character of appellant (who did not testify at trial), and denied him a fair and impartial trial as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States. The court denied the motion, informing counsel that it would give a curative instruction. Counsel for appellant objected that any such instruction would not be sufficient to cure the prejudice resulting from the hearsay statement that appellant had been in prison. The court proceeded to instruct the jury that the testimony of the officer was hearsay and to "[p]lease disregard what the officer has been saying or has said up to this point regarding what [the victim] told him as being hearsay and rely as to what [the victim] said from the testimony of [the victim]... ."
We find merit in the appellant's contention on appeal and agree that the instruction given was insufficient. Odom v. United States, 377 F.2d 853, 859-60 (5th Cir.1967).
It is fundamental that the prosecution may not impugn the character of an accused unless the accused first puts character into issue at trial. Wilt v. State, 410 So.2d 924 (Fla. 3d DCA 1982); Hodges v. State, 403 So.2d 1375 (Fla. 5th DCA 1981), petition for review denied, 413 So.2d 877 (Fla. 1982); Albright v. State, 378 So.2d 1234 (Fla. 2d DCA 1979).
We have carefully reviewed the record on appeal with its sharp differences in the testimony presented, and the briefs and argument of counsel, and have concluded that the refusal of the trial court to grant a mistrial was reversible error. Therefore the judgment and sentence are reversed and the cause is remanded for a new trial.
Reversed and remanded.