PER CURIAM.
Appellant appeals the lower court’s final judgment adjudicating him guilty of trafficking in cocaine. We find merit in one of appellant’s points on appeal.
At trial, appellant testified in his own behalf and denied all knowledge of the cocaine transaction. On cross-examination of appellant evidence was adduced, over objection, that: (1) appellant had previously made five trips to Colombia, (2) on one of those trips appellant stopped in Medellin, Colombia (which the prosecutor characterized as “the cocaine capital of the world,” although no evidence was presented substantiating this characterization), (3) appellant had forfeited $34,000 in cash for failing to report it on a return trip from Jamaica, and (4) appellant had carried identification bearing a false name.
Appellant contends that the trial court reversibly erred in admitting evidence of these collateral acts. We agree.
Section 90.404(2)(a), Florida Statutes (1985), provides:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
In the present case, the evidence of collateral acts was not relevant to prove any material fact in issue. No connection was shown between the charged offense, in which it was alleged that appellant had set up a cocaine deal through his cousin and had placed the cocaine in the trunk of his car for pickup, and the collateral acts: pri- or plane trips, carrying false identification, and failure to declare currency. The collateral conduct was not proved to be related to drug trafficking. The evidence merely tended to suggest commission of unrelated crimes, and thus its only relevance was to show bad character and propensity to commit crime. See Thompson v. State, 494 So.2d 203 (Fla.1986); Bradley v. State, 378 So.2d 870 (Fla. 2d DCA 1979).
At trial, the state contended that the collateral acts evidence was admissible to impeach appellant’s credibility with regard to his denial of any involvement in the charged cocaine transaction. However, the credibility of a witness may be impeached only by evidence of his general reputation, not by evidence of specific acts of misconduct. Andrews v. State, 172 So.2d 505 (Fla. 1st DCA 1965).
Improper admission of evidence of collateral criminal acts is, as a general rule, considered to be harmful error because it tends to predispose the jurors to believe that the defendant is guilty of the charged offense. Straight v. State, 397 So.2d 903 (Fla.), cert, denied, 454 U.S. 1022,102 S.Ct. 556, 70 L.Ed.2d 418 (1981). Here, a primary issue for the jurors was whether appellant or his cousin was telling the truth about appellant’s involvement in the cocaine transaction out of which the charge arose. Under those circumstances, evidence that appellant had engaged in prior misconduct was very likely to have influenced the jury to disbelieve appellant. Therefore, the error cannot be deemed harmless.
Based on the foregoing we reverse and remand for a new trial.
HERSEY, C.J., and DOWNEY and GLICKSTEIN, JJ., concur.