538 So.2d 1343 (1989)
Manuel GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0875.
District Court of Appeal of Florida, Fourth District.
February 22, 1989.
*1344 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
The state charged appellant with three counts of sexual battery in violation of section 794.011(5), Florida Statutes (1985). A jury found him guilty as charged and the court sentenced him to serve fifteen years in prison. We reverse.
Appellant testified that he had sexual intercourse with the victim but denied that he had raped her. He stated that he never forced the victim to do anything against her will and that he did not threaten or intimidate the alleged victim. She never screamed, she undressed herself, and she was always free to leave. A physical examination confirmed that she had intercourse but did not reveal any physical injuries other than a bruise on her leg. The success of appellant's defense turned on the jury's evaluation of the credibility of his testimony that the victim consented to having intercourse with him.
Appellant raises five points on appeal. He contends the court erred in permitting the state to introduce into evidence a certified copy of a prior conviction of sexual battery; attack his character by showing that he had been in jail for seven years; and assert the prior conviction for sexual battery as substantive evidence in closing argument. He also contends the court erred in failing to exclude a witness's hearsay testimony and in refusing to permit him to ask prospective jurors if they would totally disregard the testimony of a witness merely because the witness had been convicted of a crime.
Appellant first contends that the trial court erred when it permitted the state, over his objection, to introduce a judgment form showing that he had previously been convicted of sexual battery. The state argues that the prior conviction impeached appellant's testimony that he had only had *1345 sex with his wife and the victim.[1] The state also claims that appellant opened the door on direct examination by attempting to limit his sexual activity to his wife and the victim. Appellant correctly points out that the number of people with whom he had sexual relations was not an issue. He argues that the admission of the judgment of conviction to impeach him on this point constituted improper impeachment on a collateral matter. We agree. Appellant also claims the state introduced the judgment of conviction not for the purpose of impeaching his credibility but rather to show his propensity to commit the crime. We find merit in this argument for reasons which we will later discuss.
In Gelabert v. State, 407 So.2d 1007 (Fla. 5th DCA 1981), the court said:
Since the right to ask any particular question on cross-examination when it relates to a collateral matter is normally within the discretion of the trial court, any denial of an objection to the question normally is not considered so prejudicial as to require reversal. However, when a question, posed on cross-examination, relates only to a matter collateral and non-material to any issue at trial, the witness' answer to the question is deemed conclusive... . The reasoning behind the rule has been attributed to the evidentiary philosophy that a party cannot impeach his own witness and when the question is outside the scope of direct examination and on a collateral matter, the cross-examiner adopts the witness as his own... . The admissibility of contradictory evidence turns then on whether the issue is considered collateral or not. One proposed test is "could the fact, as to which error is predicated, have been shown in evidence for any purpose independently of the contradictions?"
Id. at 1009 and 1010.
We hold that the state failed to lay a proper predicate for the admission of the conviction and that it severely prejudiced appellant's defense and denied him a fair trial.
We also find merit in appellant's third point on appeal in which he contends the state improperly used the judgment of conviction in closing argument as substantive evidence of his propensity to commit the crime. The prosecutor argued:
The defendant took the stand and told you he had sex with Adrienne and his wife. You take this back [referring to the judgment of conviction]. You look at it. Because this says, this says that he had sex with another person, and this says that Mr. Gonzalez, who Mr. Reres is pointing out to be Mr. Nice Guy, is pretty damn intimidating.
The trial court overruled appellant's objection and the state again argued:
This is evidence. You take it back. You look at it. And then you decide if he's intimidating or not.
The use of the judgment of conviction to prove appellant's propensity to commit the crime constituted error. See Davis v. State, 397 So.2d 1005, 1008 (Fla. 1st DCA 1981).
Next we hold that the trial court erred in permitting the state to introduce evidence that appellant had been in jail for *1346 seven years. The district court in Bates v. State, 422 So.2d 1033 (Fla. 3d DCA 1982), held that the trial court erred in failing to grant a mistrial after the state introduced evidence through a police officer that the defendant had been in prison.
It is fundamental that the prosecution may not impugn the character of an accused unless the accused first puts character into issue at trial.
Id. at 1034.
We find no merit in the state's argument that appellant's testimony that he had attended Bible classes furnished a sufficient basis for the introduction of evidence that he had been in jail for seven years.
Additionally, although likely harmless but for other errors, we find merit in appellant's arguments that the trial court erred in overruling his hearsay objection to testimony from a witness that the victim called her after the incident and stated that she felt ashamed of what had happened to her. See Lyles v. State, 412 So.2d 458, 460 (Fla. 2d DCA 1982).
Finally, we hold that the limitation imposed by the trial court on appellant's voir dire examination constituted error. See Lavado v. State, 492 So.2d 1322 (Fla. 1986).
Accordingly, we reverse and remand this case for a new trial.
REVERSED AND REMANDED.
HERSEY, C.J., and WALDEN, J., concur.
NOTES
[1] The predicate for the admission of the prior judgment of conviction consisted of the following testimony:

On direct examination:
Q: [Defense counsel]: Manny, was Adrienne the first woman you ever had relations with, sexual relations with?
A: [Appellant]: Yes.
Q: In your entire life?
A: I've been married before, divorced.
Q: So she wasn't the first woman you had sex with?
A: No.
Q: So you misunderstood my question?
A: Yes; yes, I did.
On cross examination:
Q: [Prosecutor]: Mr. Gonzalez, on direct examination you indicated to Mr. Reres that you have had sex with only Adrienne and your wife, your ex-wife, is that correct, sir?
A: [Appellant]: That's what Mr. Reres asked me, yes.
Q: And your answer was those were the only two, correct?
A: Yes.