619 So.2d 333 (1993)
Sherman FLETCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-712.
District Court of Appeal of Florida, First District.
May 13, 1993.
Rehearing Denied June 29, 1993.
*334 Nancy A. Daniels, Public Defender, Jamie Spivey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant seeks reversal of his convictions for aggravated assault with a firearm and battery on the ground that the trial court erred in admitting certain testimony from the victim. We affirm.
During his direct testimony at trial appellant testified that he has never pointed a gun at anybody; he also testified that he is a responsible user of firearms. On cross-examination by the state, appellant testified about an episode in which he displayed a firearm, tucked in his belt, while trying to disperse an altercation. He denied ever displaying a gun while acquaintances of the victim were visiting the victim.
In rebuttal, the state recalled the victim of the charged offenses who testified that appellant had displayed a gun in front of the victim and another person on an occasion prior to the commission of the instant offenses, and that the gun had been placed up against the victim's chest and "pounded" several times by appellant. Appellant objected to this testimony on the ground that the state was impeaching him on a collateral matter, and that the state had failed to give proper Williams rule notice. The trial judge, who was acting without a jury, overruled appellant's objections, but the judge cautioned the state that it would only consider the victim's rebuttal testimony as impeachment of appellant's testimony regarding the manner in which appellant used firearms.
On appeal, the appellant argues that admission of the victim's rebuttal testimony was reversible error because such testimony was relevant only as proof of appellant's bad character or his propensity for violence. Appellant urges further that the state's cross-examination of the appellant exceeded the scope of direct examination.
We are of the view that appellant opened the door to impeachment regarding appellant's prior display of a firearm. See, Charles W. Ehrhardt, Florida Evidence § 608.1 (1992 ed.). Because impeachment was permissible, the victim's rebuttal testimony was relevant for a reason other than proof of bad character or propensity for violence. Also, given appellant's broad and self-serving testimony on direct examination, we find no error in the scope of cross-examination.
Thus, the convictions are AFFIRMED.
BOOTH, SMITH and MINER, JJ., concur.