642 So.2d 605 (1994)
Harold Lee WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4366.
District Court of Appeal of Florida, First District.
September 7, 1994.
*606 James C. Banks, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Richard Parker, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
PER CURIAM.
Harold Walker appeals his convictions and sentences for battery on a law enforcement officer, resisting an officer with violence and reckless driving. We reverse and remand for new trial, because the court erroneously admitted prejudicial evidence of a prior incident, and do not reach the remaining points raised.
Deputy Sheriff James McQuaig testified that on May 4, 1992, Walker led him on a high-speed car chase, then attacked and fought him until other law enforcement officers arrived on the scene. Walker took the stand and admitted driving ten miles per hour over the speed limit, but said that it was McQuaig who attacked him. When asked whether he charged the officer, Walker replied:
I mean I found that to be so absurd I wanted to laugh when I heard him say it this morning, you know. And I have one statement, you know what I mean, that will rebuff [sic] that. You know, I'm a black man. This is a white cop. This is at Lively [Vocational Tech] at 2:30 in the morning, and no black man is going to challenge a white cop with a pistol in his hand at that time of the morning.
On cross-examination, the state immediately asked Walker whether he had ever before encountered any problems with law enforcement. Over Walker's objection, the court permitted an answer to the question, commenting that Walker had opened the door to such questioning and characterized the situation as involving a "poor black man with a white cop with a gun." Walker then denied having any problems with law enforcement.
After the defense rested, the court permitted the state on rebuttal to call Officer Kevin Guimaraes, who testified that approximately two weeks before the incident in question, when he and another police officer were attempting to arrest Walker at a convenience store, Walker resisted with violence and had to be subdued by five officers. The trial court did not permit Walker to offer surrebuttal evidence to the above testimony. We conclude the trial court committed reversible error in admitting evidence of the prior incident.
In defense of the court's admission of the rebuttal evidence, the state asserts that Walker opened the door to its allowance for the purpose of contradicting his specific factual assertion that, as a black man, he would never challenge an armed white police officer. We disagree.
The prosecutor's question regarding whether Walker had ever had any problems with law enforcement was far too broad to elicit specific evidence contradicting Walker's assertion, and the court should have sustained Walker's objection to the question. Gonzalez v. State, 538 So.2d 1343 (Fla. 4th DCA 1989); Martin v. State, 411 So.2d 987 (Fla. 4th DCA 1982). The court therefore erroneously admitted the state's evidence of the prior incident to rebut Walker's assertion that he never had prior problems with law enforcement. Moreover, there is no evidence in the record, nor any assertion in the briefs, that Officer Guimaraes is white. If Officer Guimaraes is in fact black, nothing concerning the previous incident contradicted Walker's assertion. Even if Guimaraes is white, *607 the prior incident was during the afternoon at a convenience store with other people present; therefore, evidence of that incident did not contradict Walker's statement. Carnival Cruise Lines, Inc. v. Rodriguez, 505 So.2d 550 (Fla. 3d DCA 1987), review dismissed, 520 So.2d 586 (Fla. 1988). As such, the evidence had no probative value and was instead highly prejudicial.
REVERSED and REMANDED for new trial.
ERVIN, WOLF and KAHN, JJ., concur.