642 So.2d 650 (1994)
Donald Lloyd ALLRED, Appellant,
v.
STATE of Florida, Appellee.
No. 93-736.
District Court of Appeal of Florida, First District.
September 16, 1994.
*651 Nancy A. Daniels, Public Defender, Chris W. Hoeg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
BENTON, Judge.
Donald Lloyd Allred appeals his conviction for aggravated battery. The victim suffered severe injuries and required brain surgery. We affirm the conviction and the order placing appellant on two years' community control, to be followed by thirteen years on probation, together with all conditions of probation except the condition regarding restitution. We remand for further proceedings as to restitution.
Allred argues that his conviction should be reversed, because the jury heard evidence of collateral crimes that was not relevant to the offense for which he was tried. The state called witnesses who testified over objection that Allred hit his first wife and a former girl friend. If appellant had not put his character in issue, this testimony would have been improper. Heuring v. State, 513 So.2d 122 (Fla. 1987); Walker v. State, 642 So.2d 605 (Fla. 1st DCA 1994); Weitz v. State, 510 So.2d 1060 (Fla. 4th DCA 1987) (reversing a conviction where testimony of collateral acts did not impeach the defendant's testimony). Here, however, appellant claimed a lack of violent propensity, asserting he would not strike a woman. See Fletcher v. State, 619 So.2d 333 (Fla. 1st DCA 1993), review denied, 629 So.2d 132 (allowing impeachment on a collateral matter without prior Williams rule notice). Impeachment evidence was properly admitted after Allred "opened the door" by testifying that he had never hit any woman. § 90.404(2)(b), Fla. Stat.
Allred attacks the restitution condition on grounds the trial court did not hold a restitution hearing. But, at the sentencing hearing, the state presented bills aggregating $40,631.21 for medical expenses the victim had incurred, an amount the defense did not dispute.[1] The trial judge orally ordered restitution in the amount of $39,691.21, to be paid in installments, and directed appellant and the probation officer to try to agree on the amount of monthly payments.[2] The written *652 order entered a week after the oral pronouncement made no mention of monthly installments, however, and specified a different total: $41,153.96.
The discrepancy between written order and oral pronouncement requires reversal. See Sumter v. State, 570 So.2d 1039, 1041 (Fla. 1st DCA 1990), review dismissed, 583 So.2d 1037 (Fla. 1991). As the learned trial judge recognized, the judicial duty to determine the defendant's ability to pay restitution and to set the amount of monthly installment payments may not be delegated to the probation officer, where a dispute requires resolution. Smith v. State, 613 So.2d 1325 (Fla. 1st DCA 1992), review dismissed, 618 So.2d 210 (Fla. 1993); Ashe v. State, 582 So.2d 759 (Fla. 1st DCA 1991). On remand, if the parties cannot agree on amounts, a restitution hearing will be necessary. At any such hearing, Allred should not be precluded from demonstrating his present and future financial resources and needs in accordance with section 775.089(7), Florida Statutes. See Hawthorne v. State, 558 So.2d 156 (Fla. 1st DCA 1990), quashed on other grounds, 573 So.2d 330 (Fla. 1991) (the burden of proving the defendant's financial circumstances rests on the defendant).
JOANOS and WOLF, JJ., concur.
NOTES
[1] The trial judge asked, "Is there any dispute about the amount of restitution?" The assistant public defender answered, "No. As long as in good faith these are the medical records."
[2] "Now, this restitution is going to be directed as determined by the Probation Officer. If you and your Probation Officer are unable to agree on a restitution figure then I will set the amount that's going to be paid every month."