PER CURIAM.
James Muff appeals his conviction on the charge of dealing in stolen property. We reverse because the prosecutor improperly cross examined appellant regarding a 1981 conviction for dealing in stolen property.
At trial, the State presented evidence that appellant pawned a hammer drill and an electric grinder at a Jackson *125 ville pawn shop. The only issue in the case was whether appellant had knowledge of the stolen character of the items he pawned. Taking the stand in his own defense, appellant testified that he did not think the tools were stolen. He claimed he would have never pawned items he believed were stolen because, under the rules governing pawn shops, “I would be a big fool and I knew all I know about pawn shops, once I go in a pawn shop, I’ve got to put me on the line. My thumbprint, that is me, my ID, that is me. I’d be the biggest fool on earth to go in a pawn shop and pawn something for somebody I know is stolen.”
The foregoing testimony did not open the door for the assistant state attorney to question appellant concerning a 1981 conviction for dealing in stolen property. The facts of the 1981 case, sparse as they are on the record before us, had nothing to do with a pawn shop situation. Therefore, the efforts of the prosecution to put before the jury a 1981 conviction for dealing in stolen property, deprived appellant of a fair trial. See Walker v. State, 642 So.2d 605 (Fla. 1st DCA 1994); Martin v. State, 411 So.2d 987 (Fla. 4th DCA 1982). Appellant’s testimony on direct examination offered a rationale for why he would not knowingly pass stolen property in a pawn shop. This rationale was the fear of being caught. Such did not give the prosecutor license to bring before the jury details of the irrelevant 1981 conviction because nothing in the 1981 case had anything to do with pawn shops. To the contrary, this conviction merely suggested to the jury that appellant had a propensity to deal in stolen property. See § 90.404(2), Fla. Stat. (1995).
REVERSED and REMANDED for a new trial.
JOANOS, ALLEN and KAHN, JJ., CONCUR.