STEVENSON, J.
Defendant Stepphone Freeman appeals his convictions for grand theft and burglary of a dwelling. The only evidence of the stolen property’s value was the testimony of the owner as to its purchase price. However, this court has previously held that evidence of purchase price is insufficient to establish current value. Aycock v. State, 87 So.3d 1259, 1260 (Fla. 4th DCA 2012); see also Marrero v. State, 71 So.3d 881, 891 (Fla.2011) (holding there is no “life experience” exception to the general rule that the State must establish the value of property)^ We reverse defendant’s conviction for grand theft and remand to the trial court with instructions to vacate the conviction and enter a judgment of petit theft. We affirm defendant’s conviction for burglary of a dwelling, finding no abuse of discretion in the trial court’s evi-dentiary ruling that the defendant “opened the door” to questions about the nature of his prior convictions. See Allred v. State, 642 So.2d 650, 651 (Fla. 1st DCA 1994) (impeachment evidence that defendant had hit former spouse and former girlfriend was admissible when defendant asserted he would not strike a woman).

Reversed in part; Affirmed in part.

CIKLIN and GERBER, JJ., concur.